# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EUGENE DOMBROWSKI,**

        **Petitioner,**

        **v.**                                 **Case No. 06-C-1252**

**JUDY SMITH,**

        **Respondent.**

## ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION AND DENYING RESPONDENT'S MOTION TO DISMISS

Eugene Dombrowski ("Dombrowski") is a person incarcerated pursuant to the judgment of a state court and proceeding pro se has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This court previously screened Dombrowski's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition as to the single ground that the sentence Dombrowski received was excessive. The parties have consented to the full jurisdiction of a magistrate judge.

Rather than filing an answer, the respondent filed a motion to dismiss on the basis that Dombrowski's petition fails to state a federal constitutional claim. Dombrowski responded to the respondent's motion and in doing so raised two new grounds for relief: (1) his confession was coerced; (2) his trial counsel was ineffective for failing to properly investigate his case. The respondent replied and alleged that Dombrowski failed to exhaust his state remedies as to these additional grounds for relief.

Dombrowski also filed a motion to amend his petition to add these additional grounds for relief to his petition. The respondent replied to this motion and argues that permitting such an amendment

would not be in the interest of justice because amendment would be futile in light of Dombrowski's failure to exhaust state remedies as to these additional claims.

In Dombrowski's petition, he states that he raised two grounds before the Wisconsin courts: "Sentencing on 11-11-03" and "Trial courts [sic] decision on 2-3-06." However, Dombrowski failed to attach any court decisions to his petition and the respondent has also failed to provide the court with any decisions of the Wisconsin Court of Appeals or the Wisconsin Supreme Court that would permit the court to determine precisely which claims that Dombrowski exhausted. Specifically, the court is left to wonder precisely what did the trial court decide on February 3, 2006?

In light of the fact that the court is unable to discern precisely which claims Dombrowski exhausted in state court, the court is unable to conclude that permitting Dombrowski to amend his petition would be futile. Therefore, the court shall permit Dombrowski to amend his petition. However, Dombrowski must use this district's standard form for § 2254 cases, and thus the court cannot accept the proposed amended petition that Dombrowski has filed. Dombrowski shall be permitted to file an amended petition utilizing this district's standard form for § 2254 cases within thirty (30) days of this order. Further, Dombrowski must comply with all of the instructions set forth on the standard form for § 2254 petitions including attaching the decisions of state court(s) that resolved his appeal(s). If Dombrowski fails to amend his petition within 30 days of this court's order, this case shall proceed upon Dombrowski's original petition.

With respect to the respondent's motion to dismiss, the court shall deny this motion without prejudice. In light of the fact that the court is permitting Dombrowski to amend his petition, such a motion is premature. Therefore, within 30 days of Dombrowski filing his amended petition, the respondent shall either answer or move to dismiss Dombrowski's amended petition.

**IT IS THEREFORE ORDERED** that the petitioner's motion to amend his petition is granted. Within 30 days of this order the petitioner shall submit an amended petition using this district's

standard form for § 2254 cases. The petitioner shall comply with all instructions set forth on the form including providing the court with copies of the decisions of the state court(s) that resolved his appeals. If the petitioner fails to file a proper amended petition within 30 days of this order, this case shall proceed based upon the petitioner's original petition. The clerk shall include along with this order a copy of this district's standard form for § 2254 cases.

**IT IS FURTHER ORDERED** that the respondent's motion to dismiss is denied without prejudice. Within 30 days of the petitioner filing his amended petition, the respondent shall either file an answer to the amended petition or file a motion to dismiss.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2007.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge